UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HORSTMAN, CDCR #BX-4358,<br><br>         Plaintiff,<br><br>vs.<br><br>MORENO, Correctional Officer, et al.,<br><br>         Defendants. | Case No.: 25cv1493-AJB (SBC)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

  Plaintiff Michael Horstman is a state inmate proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1-2.)

**I. Motion to Proceed IFP**

  All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets.  *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed.  28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official.  (ECF No. 2 at 4.)  The document shows he had an average monthly balance of $56.24 and average monthly deposits of $44.17, with an available balance of $0.00.  *Id*.  The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee.  *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.")  Plaintiff is required to pay the $350 filing fee in full pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1).

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A.     Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua*

*sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Allegations in the Complaint**

Plaintiff alleges in claim one that on May 10, 2025, while housed at the R.J. Donovan Correctional Facility ("RJD") in San Diego, California, Defendant RJD Correctional Officer Moreno slammed him to the ground with his hands handcuffed behind his back,

1 breaking his tibial plateau bone in several places. (ECF No. 1 at 3.) Plaintiff alleges RJD "staff then waited over 8 hours to give me any medical attention," and states that he eventually had surgery requiring eight screws and two plates in his leg. (*Id*.) He claims his right to be free from cruel and unusual punishment was violated in both instances, and states he is currently recovering from knee surgery, that his knee is permanently damaged, and that he can no longer move his toes. (*Id*.)

In claim two Plaintiff asserts a violation of his right of access to the courts. (*Id*. at 4.) He alleges he has no access to the law library or legal supplies, and that RJD staff has "had my property in their possession in the property room for over a month. I was sent here to 'C' yard from RHU and c/os are retaliating against me to keep me from filling a lawsuit against the prison." (*Id*.) Plaintiff alleges in claim three that he is "being punished over and over again for the same incident," which has resulted in his placement "on c-status by prison officials who took away all of my privileges," resulting in cruel and unusual punishment and a double jeopardy violation. (*Id*. at 5.)

## C. Discussion

### 1. Claim One

Plaintiff alleges he was subjected to cruel and unusual punishment when Defendant Moreno slammed him to the ground, which broke his leg so severely it required surgery, and when unnamed RJD staff delayed medical treatment for eight hours. (ECF No. 1 at 3.) The Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). It "places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 6-7 (1982). In making that determination, a court looks to the "extent of injury suffered by an inmate .

1  . ., the need for application of force, the relationship between that need and the amount of
2  force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts
3  made to temper the severity of a forceful response.'" *Id.* at 7, quoting *Whitley*, 475 U.S. at
4  321.

5      Plaintiff's allegations regarding his encounter with Moreno are too conclusory to
6  state an excessive force claim. Although a severe injury has been alleged, the extent of the
7  injury suffered by an inmate is only one factor that may suggest "whether the use of force
8  could plausibly have been thought necessary" in the situation, "or instead evinced such
9  wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing
10 willingness that it occur." *Whitley*, 475 U.S. at 321.

11     Plaintiff does not plausibly allege there was no need for the application of force, as
12 there are no factual allegations describing the events leading to Moreno taking Plaintiff to
13 the ground. The conclusory allegations in the Complaint fail to state an Eighth Amendment
14 claim against Moreno because they do not plausibly allege that the relationship between
15 the need to use force and the amount of force used suggest that Moreno used force
16 maliciously and sadistically rather than to restore order, or that Moreno did not perceive a
17 threat or did not make any effort to temper the severity of his response. *Hudson*, 503 U.S.
18 at 7; *Whitley*, 475 U.S. at 321.

19     Neither has Plaintiff plausibly alleged an Eighth Amendment claim based on the
20 allegations of an eight-hour delay in providing medical care for his broken leg. A denial
21 or delay of medical care for a prisoner's serious medical needs may constitute a violation
22 of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "In order to
23 prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show
24 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d
25 1060, 1066 (9th Cir. 2014), quoting *Estelle*, 429 U.S. at 104. "Deliberate indifference 'may
26 appear when prison officials deny, delay or intentionally interfere with medical treatment,
27 or it may be shown by the way in which prison physicians provide medical care.'" *Id.*,
28 quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff has not identified any individual Defendant he seeks to hold responsible for the delay in medical care, nor has he provided any allegations regarding the circumstances surrounding the delay. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") Plaintiff may not rely on conclusory allegations without facts showing that someone took a deliberate act which delayed his medical treatment. *Id.*; *Iqbal*, 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and the "mere possibility of misconduct" falls short of meeting this plausibility standard.)

Accordingly, the Eighth Amendment claims in the Complaint are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 678.

### 2. Claim Two

Plaintiff claims he has been denied access to the courts because he has no access to the law library or legal supplies, and because RJD staff has "had my property in their possession in the property room for over a month. I was sent here to 'C' yard from RHU and c/os are retaliating against me to keep me from filling a lawsuit against the prison." (ECF No. 1 at 4.) Inmates have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). In order to state such a claim, Plaintiff must allege facts showing actual injury arising from the lack of access to his legal materials, that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. He must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Plaintiff has failed to satisfy those pleading standards with respect to a denial of access to courts claim, as he has not plausibly

alleged an actual injury arising from the denial of access to the law library or legal supplies, or by the failure to release his property.

To the extent Plaintiff intended to include a retaliation claim, he must plausibly allege a retaliatory motive, that is, a causal connection between the adverse action and protected conduct. *Watison*, 668 F.3d at 1114; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (plaintiff must show that protected conduct was a "substantial" or "motivating" factor in the defendant's decision to act). There are no *factual* allegations regarding why Plaintiff claims that RJD staff are withholding his property to prevent him for pursuing litigation, or facts plausibly showing that preventing him from suing the prison is a substantial or motivating factor in the decision to withhold his property. *Id.*; *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient.") The conclusory allegation that unnamed RJD staff have withheld his property as an act of retaliation is therefore insufficient to state a retaliation claim. *Id.*; *Iqbal,* 556 U.S. at 678.

The denial of access to the courts and retaliation claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Iqbal,* 556 U.S. at 678.

### 3. Claim Three

Plaintiff alleges in claim three merely that he is "being punished over and over again for the same incident," which has resulted him his placement "on c-status by prison officials who took away all of my privileges," resulting in cruel and unusual punishment and a double jeopardy violation. (ECF No. 1 at 5.) Such vague and conclusory allegations are insufficient to state a 42 U.S.C. § 1983 claim. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" state a section 1983 claim).

### D. Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th

Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

### III. Conclusion and Orders

Accordingly, good cause appearing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** all claims against all Defendants in the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

5) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state

a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: July 23, 2025

Hon. Anthony J. Battaglia
United States District Judge