UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HORSTMAN,<br>CDCR #BX-4358,<br><br>                       Plaintiff,<br><br>vs.<br><br>MORENO, Correctional Officer,<br><br>                       Defendant. | Case No.: 25-cv-01493-AJB-SBC<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT AND SUMMONS ON DEFENDANT MORENO PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

On June 9, 2025, Plaintiff Michael Horstman, a state inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 1–2.) Plaintiff claimed he was subjected to the use of excessive force; was denied his right of access to the courts by the denial of access to the law library, legal supplies, and his property; and was subjected to cruel and unusual punishment and double jeopardy by a loss of privileges. (Doc. No. 1 at 3-5.)

On July 23, 2025, the Court granted Plaintiff leave to proceed IFP and dismissed the Complaint with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. (Doc. No. 3.) The Court found Plaintiff had failed to provide sufficient details regarding his encounter with Defendant Moreno to plausibly allege an Eighth Amendment excessive force claim, that his access to courts claim failed to allege an actual

injury, and that his remaining claims relied on conclusory allegations. (*Id*. at 4-7.) Plaintiff was instructed that any claims not included in an amended complaint would be considered waived. (*Id*. at 8.) Plaintiff has now filed a First Amended Complaint ("FAC") in which he presents only his excessive force claim. (Doc. No. 4.)

## I.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B.     Discussion

Plaintiff alleges he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when Defendant Moreno slammed him to the ground, breaking his leg in several places requiring surgery at an outside hospital with eight screws and two plates. (Doc. No. 4 at 3.) He claims Moreno is trained in the use of force against prisoners

1  and there was no excuse for the level of force used because Plaintiff was handcuffed with
2  his hands behind his back. (*Id*.) Plaintiff alleges it was done with the intent to cause him
3  harm, that he posed no threat, and that the force used was unnecessary. (*Id*. at 5, 7.)

4        The Eighth Amendment forbids prison officials from "the unnecessary and wanton
5  infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). It "places restraints on
6  prison officials, who may not, for example, use excessive physical force against prisoners."
7  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused
8  of using excessive physical force in violation of the [Eighth Amendment], the core judicial
9  inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to
10 maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v.*
11 *McMillan*, 503 U.S. 1, 6–7 (1982). A court looks to the "extent of injury suffered by an
12 inmate . . . , the need for application of force, the relationship between that need and the
13 amount of force used, the threat 'reasonably perceived by the responsible officials,' and
14 'any efforts made to temper the severity of a forceful response.'" *Id.* at 7 (quoting *Whitley*,
15 475 U.S. at 321).

16       Plaintiff's allegations regarding his encounter with Moreno plausibly allege an
17 Eighth Amendment claim. *Id*.; *see also Whitley*, 475 U.S. at 321 (extent of injury is a factor
18 in determining "whether the use of force could plausibly have been thought necessary" in
19 the situation, "or instead evinced such wantonness with respect to the unjustified infliction
20 of harm as is tantamount to a knowing willingness that it occur."). Accordingly, Plaintiff
21 is entitled to have the U.S. Marshal effect service of the summons and complaint against
22 Defendant Moreno. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and
23 serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he
24 court may order that service be made by a United States marshal or deputy marshal . . . if
25 the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

26       Plaintiff also again alleges that unknown prison staff misdiagnosed his broken leg
27 and allowed him to walk on it until he was taken to the outside hospital and properly
28 diagnosed and treated. (ECF No. 4 at 4.) To the extent this is an attempt to cure the pleading

|   |   |
|---|---|
| 1 | defects of a claim possibly raised in the original Complaint regarding a delay in medical |

defects of a claim possibly raised in the original Complaint regarding a delay in medical care, as the Court previously informed Plaintiff, these allegations fail to identify any individual Defendant he seeks to hold responsible for the delay in medical care. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); *Iqbal*, 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and the "mere possibility of misconduct" falls short of meeting this plausibility standard). Plaintiff has failed to cure that pleading defect in the FAC.

In addition, such allegations of inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("negligen[ce] in diagnosing or treating a medical condition" does not amount to deliberate indifference) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (an inadvertent failure to provide medical care, negligence or malpractice and differences of opinion over what medical treatment is proper, does not state an Eighth Amendment claim)). Because Plaintiff has not cured the pleading defect of such a claim and has abandoned his other claims, all claims in the FAC other than the Eighth Amendment excessive force claim against Defendant Moreno remain dismissed from this action pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

## II. Conclusion and Orders

Accordingly, the Court:

1) **DIRECTS** the Clerk to issue a summons as to the First Amended Complaint (Doc. No. 4) for Defendant Moreno and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk will provide Plaintiff with certified copies of the First Amended Complaint and summons for use in serving this Defendant. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or*

*subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

2) **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon Defendant Moreno as directed by Plaintiff on the USM Form 285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3) **ORDERS** Defendant, once served, to reply to Plaintiff's First Amended Complaint and any subsequent pleading he files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening, defendant is required to respond).

4) **ORDERS** Plaintiff, after service has been made by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document sought to be filed with the Clerk a certificate stating the manner in which a true and correct copy of that document has been served on defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon a defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: September 17, 2025

Hon. Anthony J. Battaglia
United States District Judge